1  KATHLEEN E. FINNERTY, Esq. (SBN 157638)
   MARC B. KOENIGSBERG, Esq. (SBN 204265)
2  GREENBERG TRAURIG
3  1201 K Street, Suite 1100
   Sacramento, CA 95814
4  Telephone: (916) 442-1111
   Facsimile: (916) 448-1709

5  Attorneys for Defendants
6  TRES HERMANAS, INC.; RUBEN AND SONIA
   CHAIDEZ LIVING TRUST, MIAN H. HAIDER
7  AND NORMA E. SAENZ FAMILY TRUST,
   AND MIAN HABIB HAIDER AND NORMA E.
8  SAENZ, AS INDIVIDUALS AND AS TRUSTEES
   OF THE MIAN H. HAIDER AND NORMA E. SAENZ
9  FAMILY TRUST

10 PAUL L. REIN, Esq. (SBN 43053)                JULIE OSTIL, Esq. (SBN 215202)
11 JULIE OSTIL, Esq. (SBN 215202)                LAW OFFICE OF JULIE OSTIL
   LAW OFFICES OF PAUL L. REIN                   1989 Santa Rita Road #A-405
12 200 Lakeside Dr., Suite A                     Pleasanton, CA 94566
   Oakland, CA 94612                             Telephone: (925) 265-8257
13 Telephone: (510) 832-5001                     Facsimile: (925) 999-9465
   Facsimile: (510) 823-4787

14 Attorneys for Plaintiff
15 JEAN RIKER

16                    UNITED STATES DISTRICT COURT
17                   EASTERN DISTRICT OF CALIFORNIA

18 JEAN RIKER                            Case No. 2:08-CV-00663-FCD-GGH
19       Plaintiff,                      Civil Rights
20 v.
21 TRES HERMANAS, INC.; RUBEN AND        CONSENT DECREE AND
   SONIA CHAIDEZ LIVING TRUST, MIAN      [PROPOSED] ORDER
22 H. HAIDER AND NORMA E. SAENZ
   FAMILY TRUST, AND MIAN HABIB
23 HAIDER AND NORMA E. SAENZ, AS
   INDIVIDUALS AND AS TRUSTEES OF
24 THE MIAN H. HAIDER AND NORMA E.
25 SAENZ FAMILY TRUST; AND DOES 1-10,
   INCLUSIVE,
26       Defendants.
27 _____/
28

---

Consent Decree and Proposed Order                                    Page 1 of 8

**FILED**
JAN - 6 2009
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
     DEPUTY CLERK

## CONSENT DECREE AND ORDER

1. Plaintiff JEAN RIKER ("plaintiff") filed a Complaint in this action on March 27, 2008, to obtain recovery of damages for her allegedly discriminatory experiences, denial of access, and denial of civil rights, and to enforce provisions of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101 et seq., and California civil rights laws against Defendants, TRES HERMANAS, INC.; RUBEN AND SONIA CHAIDEZ LIVING TRUST, MIAN H. HAIDER AND NORMA E. SAENZ FAMILY TRUST, AND MIAN HABIB HAIDER AND NORMA E. SAENZ, AS INDIVIDUALS AND AS TRUSTEES OF THE MIAN H. HAIDER AND NORMA E. SAENZ FAMILY TRUST ("defendants"), relating to the condition of the public accommodations at the Tres Hermanas restaurant located at 2416 K Street, Sacramento, California. Plaintiff has alleged that Defendants violated Title III of the ADA and sections 51, 52, 54, 54.1, 54.3 and 55 of the California Civil Code, and sections 19955 et seq., of the California Health and Safety Code by failing to provide full and equal access to their facilities at the Tres Hermanas restaurant.

2. Defendants deny the allegations in the Complaint and by entering into this Consent Decree do not admit liability to any of the allegations in Plaintiff's Complaint filed in this action. The parties hereby enter into this Consent Decree for the purpose of resolving this lawsuit without the need for protracted litigation, and without the admission of any liability.

### JURISDICTION:

3. The parties to this Consent Decree agree that the Court has jurisdiction of this matter pursuant to 28 USC §1331 for alleged violations of the Americans with Disabilities Act of 1990, 42 USC 12101 et seq. and pursuant to supplemental jurisdiction for alleged violations of California Health & Safety Code §19955 et seq., including §19959; Title 24 California Code of Regulations; and California Civil Code §§51; 52; 54; 54.1; §54.3; and 55.

4. In order to avoid the costs, expense, and uncertainty of protracted litigation, the parties to this Consent Decree agree to entry of this Order to resolve all claims regarding injunctive relief raised in the Complaint filed with this Court. Accordingly, they agree to the

entry of this Order without trial or further adjudication of any issues of fact or law concerning plaintiff's claims for injunctive relief.

5. WHEREFORE, the parties to this Consent Decree hereby agree and stipulate to the Court's entry of this Consent Decree and Order, which provides as follows:

**SETTLEMENT OF INJUNCTIVE RELIEF:**

6. This Order shall be a full, complete, and final disposition and settlement of plaintiff's claims against Defendants for injunctive relief that have arisen out of the acts or omissions alleged or which could have been alleged in the subject Complaint. The parties agree that there has been no admission or finding of liability or violation of the ADA and/or California civil rights laws, and this Consent Decree and Order should not be construed as such.

7. The parties agree and stipulate that the corrective work will be performed in compliance with the standards and specifications for disabled access as set forth in the California Code of Regulations, Title 24-2 and Americans with Disabilities Act Accessibility Guidelines, unless other standards are specifically agreed to in this Consent Decree and Order.

8. Remedial Measures: The corrective work agreed upon by the parties is attached to this Decree as Exhibit A. Defendants agree to undertake all of the remedial work set forth in the Exhibit.

9. Timing of Injunctive Relief: Defendants have already submitted plans for all corrective work to the appropriate governmental agencies. Defendants will commence work within 90 days of receiving approval from the appropriate agencies. The entire project will take 14 days to complete once commenced. For work not requiring building permits, the work will be completed within 60 days of entry of this Consent Decree and Order by the court. In the event that unforeseen difficulties prevent Defendants from completing any of the agreed-upon injunctive relief, defendants or their counsel will notify plaintiff's counsel in writing within 15 days of discovering the delay. Defendants or their counsel will notify plaintiff's

counsel when the corrective work is completed, and in any case will provide a status report no later than 120 days from the entry of this Consent Decree.

10. If Plaintiff contends any or some portion of the corrective construction work to be completed under Consent Decree has not been carried out correctly, Plaintiff will provide written notice to Defendants and their counsel detailing in what respects Plaintiff contends the premises are not compliant. Within 14 calendar days of receiving this notice, Defendants will respond to this notice. If the parties are not able to agree upon a course of action, they will hold a meet and confer within 30 calendar days of Plaintiff's written notice and will use their best efforts to resolve the dispute informally. If the parties are still not able to agree, they will submit the matter to the judge then-assigned to the case.

11. If Plaintiff contends any policy or procedure to be followed under Consent Decree has not been carried out, Plaintiff will provide written notice to Defendants and their counsel detailing in what respects Plaintiff contends the Defendants are not compliant. Within 5 calendar days of receiving this notice, Defendants will respond to this notice. If the parties are not able to agree upon a course of action, they will hold a meet and confer within 3 calendar days of Plaintiff's written notice and will use their best efforts to resolve the dispute informally. If the parties are still not able to agree, they will submit the matter to the judge then-assigned to the case.

**DAMAGES, ATTORNEY FEES, LITIGATION EXPENSES, AND COSTS**

12. The parties have ~~not~~ reached an agreement regarding Plaintiff's claims for damages, attorney fees, litigation expenses and costs. ~~These issues shall be the subject of further negotiation, litigation, and/or motions to the Court.~~ *[handwritten: Defendants agree to pay a total of $50,000, inclusive of all damages, attorney fees, litigation expenses and costs, with 1/2 such total being paid to Paul L. Rein in trust for Jean Kilker within 60 days of today, and the second 1/2 being paid within 90 days of today (Dec. 12, 2008) -PLR]*

**ENTIRE CONSENT ORDER:**

13. This Consent Decree and Order and Attachment A to this Consent Decree, which is incorporated by this reference as if fully set forth in this document, constitutes the entire agreement between the signing parties on the matters of injunctive relief, and no other statement, promise, or agreement, either written or oral, made by any of the parties or agents of

any of the parties, that is not contained in this written Consent Decree and Order, ~~shall be~~ enforceable regarding the matters of injunctive relief described herein. ~~This Consent Decree and Order applies to Plaintiff's claims for injunctive relief only and does not resolve Plaintiff's claims for damages, attorney fees, litigation expenses and costs, which shall be the subject of further negotiation and/or litigation.~~

## CONSENT ORDER BINDING ON PARTIES AND SUCCESSORS IN INTEREST:

14.  This Consent Decree and Order shall be binding on Plaintiff JEAN RIKER, Defendants TRES HERMANAS, INC.; RUBEN AND SONIA CHAIDEZ LIVING TRUST, MIAN H. HAIDER AND NORMA E. SAENZ FAMILY TRUST, AND MIAN HABIB HAIDER AND NORMA E. SAENZ, AS INDIVIDUALS AND AS TRUSTEES OF THE MIAN H. HAIDER AND NORMA E. SAENZ FAMILY TRUST; and any successors in interest. The parties have a duty to so notify all such successors in interest of the existence and terms of this Consent Decree and Order during the period of the Court's jurisdiction of this Consent Decree and Order.

## MUTUAL RELEASE AND WAIVER OF CIVIL CODE SECTION 1542 AS TO INJUNCTIVE RELIEF ONLY:

15.  Each of the parties to this Consent Decree understands and agrees that there is a risk and possibility that, subsequent to the execution of this Consent Decree, any or all of them will incur, suffer, or experience some further loss or damage with respect to the Lawsuit which are unknown or unanticipated at the time this Consent Decree is signed. Except for all obligations required in this Consent Decree, the parties intend that this Consent Decree applies to all such further loss with respect to the Lawsuit, except those caused by the parties subsequent to the execution of this Consent Decree. Therefore, except for all obligations required in this Consent Decree, this Consent Decree shall apply to and cover any and all claims, demands, actions and causes of action by the parties to this Consent Decree with respect to the Lawsuit, whether the same are known, unknown or hereafter discovered or

ascertained, and the provisions of Section 1542 of the California Civil Code are hereby expressly waived. Section 1542 provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

This waiver applies to the injunctive relief aspects of this action only and does not include resolution of Plaintiff's claims for damages, attorney fees, litigation expenses and costs.

16. ~~Except~~ For all obligations required in this Consent Decree, and ~~exclusive of the~~ referenced ~~continuing~~ claims for damages, statutory attorney fees, litigation expenses and costs, each of the parties to this Consent Decree, on behalf of each, their respective agents, representatives, predecessors, successors, heirs, partners and assigns, releases and forever discharges each other Party and all officers, directors, shareholders, subsidiaries, joint venturers, stockholders, partners, parent companies, employees, agents, attorneys, insurance carriers, heirs, predecessors, and representatives of each other Party, from all claims, demands, actions, and causes of action of whatever kind or nature, presently known or unknown, arising out of or in any way connected with the Lawsuit.

**TERM OF THE CONSENT DECREE AND ORDER:**

17. This Consent Decree and Order shall be in full force and effect for a period of twelve (12) months after the date of entry of this Consent Decree and Order, or until the injunctive relief contemplated by this Order is completed, whichever occurs later. The Court shall retain jurisdiction of this action to enforce provisions of this Order for twelve (12) months after the date of this Consent Decree, or until the injunctive relief contemplated by this Order is completed, whichever occurs later.

///
///

**SEVERABILITY:**

18. If any term of this Consent Decree and Order is determined by any court to be unenforceable, the other terms of this Consent Decree and Order shall nonetheless remain in full force and effect.

**SIGNATORIES BIND PARTIES:**

19. Signatories on the behalf of the parties represent that they are authorized to bind the parties to this Consent Decree and Order. This Consent Decree and Order may be signed in counterparts and a facsimile signature shall have the same force and effect as an original signature.

Dated: 12/2/08, 2008

Plaintiff DEAN KOKER

Dated: 12-16 2008

Defendant TRES HERMANAS INC. by Sonia Chaidez, its President

Dated: 12-17, 2008

Defendant RUBEN CHAIDEZ, Individually, and as Trustee of the Ruben and Sonia Chaidez Living Trust

Dated: 12-16 2008

Defendant SONIA CHAIDEZ, Individually, and as Trustee of the Ruben and Sonia Chaidez Living Trust

Dated: 12-17, 2008

Defendant MIAN HAIDER, Individually, and as Trustee of the Mian H. Haider and Norma E. Saenz Family Trust

///
///
///

Consent Decree and Proposed Order

1  Dated: 12-12, 2008

Defendant NORMA E. SAENZ, Individually, and as Trustee of the Mian H. Haider and Norma E. Saenz Family Trust

5  APPROVED AS TO FORM:
6  Dated: 12/12, 2008

PAUL L. REIN
LAW OFFICES OF PAUL L. REIN

JULIE OSTIL
LAW OFFICE OF JULIE OSTIL

Attorneys for Plaintiff
JEAN RIKER

12  Dated: 12/12, 2008

KATHLEEN E. FINNERTY
MARC B. KOENIGSBERG
GREENBERG TRAURIG

Attorneys for Defendants TRES HERMANAS, INC.; RUBEN AND SONIA CHAIDEZ LIVING TRUST, MIAN H. HAIDER AND NORMA E. SAENZ FAMILY TRUST, AND MIAN HABIB HAIDER AND NORMA E. SAENZ, AS INDIVIDUALS AND AS TRUSTEES OF THE MIAN H. HAIDER AND NORMA E. SAENZ FAMILY TRUST; AND DOES 1-10, INCLUSIVE,

Dated: 1/6/09

IT IS SO ORDERED

ATTORNEY WORK PRODUCT - PRIVILEGED FOR SETTLEMENT PURPOSES ONLY
November ____, 2008

# ATTACHMENT A

The parties agree and stipulate that the following corrective work will be performed in compliance with the standards and specifications for disabled access as set forth in the 2007 California Code of Regulations, Title 24-2 and 1992 Americans With Disabilities Act Accessibility Guidelines, unless other standards are specifically agreed to herein. Defendants agree to install and maintain the following features and/or maintain and abide by the following policies. Defendants represent and plaintiffs agree that many of these changes have already been made.

### (EXTERIOR ROUTES TO ENTRANCE)

Defendants agree to provide a complaint path of travel, including any and all required handrails, from the public sidewalk to the entrance to the restaurant.

Defendants agree to provide a compliant path of travel, including any and all required handrails, from the public sidewalk to the entrance to the patio.

Defendants agree to reduce any ramps which serve any exit way providing access to persons with physical disabilities to a slope of less than 1:12 (8.3%).

### (ENTRY DOOR TO RESTAURANT)

Defendants agree to replace the existing door with one that is compliant.

### (RESTAURANT SEATING)

Defendants will maintain a minimum of four wheelchair accessible seating spaces inside the restaurant and two accessible seating spaces on the patio.

### (ROUTE TO BACK DINING AREA AND TO ALL RESTROOMS)

Defendants will modify the slope of the floor to no more than 8.33% by installing a permanent rubber mat at the transition between rooms, and will install handrails if necessary.

### (RESTROOMS)

Defendants will construct an accessible men's and an accessible women's restroom at the rear of the back dining room. Access to these restrooms will not be through the kitchen or other "employees only" areas.